UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _____ NC _____ BC

11 NOV 28 AM 9:08

CLERK BANKRUPTCY CT
SD OF FLA
MIA OFFICE

IN RE:

DONALD ALAN TOBKIN

Debtor

CASE NO.  11-34669-LMI
CHAPTER 13

_____/

DONALD ALAN TOBKIN,
 Plaintiff

vs.

PROVIDENT LIFE AND ACCIDENT
 INSURANCE COMPANY,
UNUM LIFE INSURANCE COMPANY
OF AMERICA, STEVEN J. DELL, ESQ
And DELL & SCHAEFER PA a/k/a
DELL & SCHAEFER REALTY ,INC.
 Defendants

Adversary number:  11-02901-LMI

## 11/25/11 NOTICE OF FILING ADDITIONAL CIVIL ACTION DOCUMENTS

   The undersigned pro se Plaintiff serves 11/25/11 NOTICE OF FILING WITH
THE COURT ADDITIONALCIVIL ACTION DOCUMENTS, not previously provided
in this case &  adversary proceeding  as follows:

   1. Pleadings and filings pertinent to this civil action
   2. Docket

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing  notice  has been
furnished  this 25th day of November, 2011 via mail to  Nancy Herkert, Esquire PO Box
279806  Miramar, FL 33027, John B. Ostrow, PA  44 W. Flagler St. Ste 1250
Miami, FL 33130, Steven Dell, Esquire Dell & Schaefer  PA 2404 Hollywood Blvd
Hollywood, FL33020  and  Mark Greenberg, Esquire Carlton Fields PA 100 SE 2nd Street
Miami, FL 33134

_____
Donald Alan Tobkin
Pro se Debtor/Plaintiff
16850 Collins Ave.
# 112182
 Sunny Isles Beach, FL 33160
 954 2586030

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information          Page 1 of 3

0 Item(s) in Basket

Home          Online Services          About us          Cont

## Civil / Probate Justice System - Docket Information

BACK TO SEARCH RESULTS                ALL PARTIES                START A NEW SEARCH

**TOBKIN, DONALD ALAN vs PROVIDENT LIFE & ACCIDENT INS CO**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

Case Number (LOCAL): 2007-21828-CA-01        Dockets Retrieved: 108        Filing Date: 07/17/2007
Case Number (STATE): 13-2007-CA-021828-0000-01        Judicial Section: 25

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 09/09/2011 | | NOTICE OF CHANGE OF ADDRESS | |
| 09/09/2011 | 27824 / 2363 Pages: 1 | RECORDED DOCUMENT | BK:27824 PG:2363 SUGGESTION OF BANKRUPTCY |
| 06/07/2011 | | ORDER GRANTING SHOWING OF GOOD CAUSE (FWOP CALN) | |
| 03/28/2011 | | TEXT | PLTF'S SHOWING OF GOOD CAUSE |
| 02/12/2011 | | FWOP NOTICE GENERATED | 05/31/2011 09:30 AM |
| 12/11/2009 | | ORDER: | GRANTING MTN TO STAY |
| 11/19/2009 | | RESPONSE: | TO DEFENDANT'S MOTION TO STAY |
| 11/05/2009 | | NOTICE HEARING- | MOTIONS 11/17/2009 09:30 AM |
| 10/27/2009 | | RESPONSE: | TO DEF'S MOTION TO STAY |
| 10/09/2009 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 10/09/2009 | | NOTICE OF HRG SPECIAL APPT | 12/09/2009 11:30 AM |
| 10/06/2009 | | CANCELLATION NOTICE | 10/01/2009 09:30 AM |
| 10/06/2009 | | CANCELLATION NOTICE | 10/14/2009 09:15 AM |
| 10/05/2009 | | NOTICE OF UNAVAILABILITY/ABSENCE | 12/02/09 - 12/04/09 |
| 10/01/2009 | | MOTION TO STAY | |
| 09/29/2009 | | ORDER ON MOTION TO STRIKE | |
| 09/24/2009 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 09/18/2009 | | NOTICE HEARING- | MOTIONS 10/01/2009 09:30 AM |
| 09/10/2009 | | NOTICE HEARING- | MOTIONS 09/15/2009 09:30 AM |
| 09/04/2009 | | REQUEST FOR PRODUCTION | |
| 09/01/2009 | | MOTION FOR EXTENSION OF TIME | |
| 08/24/2009 | | NOTICE: | OF COMPLIANCE |
| 08/19/2009 | | NOTICE HEARING- | MOTIONS 09/24/2009 09:30 AM |
| 08/13/2009 | | NOTICE HEARING- | MOTIONS 09/24/2009 09:30 AM |
| 08/11/2009 | | NOTICE: | OF SERVICE OF SWORN ASNWERS TO PTFS INTERROGATORIES |
| 08/10/2009 | | NOTICE OF HEARING- | SPECIAL APPT 08/20/2009 09:30 AM |
| 08/10/2009 | | MOTION TO COMPEL | |
| 08/04/2009 | | NOTICE HEARING- | MOTIONS 08/20/2009 09:30 AM |
| 07/30/2009 | | MOTION TO STRIKE | |
| 07/29/2009 | | REQUEST FOR PRODUCTION | |
| 07/27/2009 | | NOTICE: | OF DEF SWORN ANSWERS TO PLFTS FIRST SET OF INTERRG |

| | | | |
|---|---|---|---|
| 07/27/2009 | | NOTICE OF INTERROGATORY | |
| 07/27/2009 | | NOTICE OF FILING: | PROPOSAL OF SETTLEMENT |
| 07/23/2009 | | ORDER: | ON OBJECTIONS TO REQ FOR PRODUCTION - OVERRULED |
| 07/16/2009 | | NOTICE OF HRG SPECIAL APPT | 09/08/2009 09:00 AM |
| 07/16/2009 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 07/13/2009 | | NOTICE HEARING- | MOTIONS 07/23/2009 09:30 AM |
| 07/09/2009 | | NOTICE HEARING- | MOTIONS 07/14/2009 09:30 AM |
| 07/08/2009 | | CANCELLATION NOTICE | 07/02/2009 09:30 AM |
| 06/30/2009 | | NOTICE OF INTERROGATORY | |
| 06/29/2009 | | NOTICE HEARING- | MOTIONS 07/02/2009 09:30 AM |
| 06/23/2009 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 06/23/2009 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 06/22/2009 | | OBJECTION: | TO SUBPOENA AND MTN TO QUASH, PROTECTIVE ORDER,SANCTIONS |
| 06/22/2009 | | NOTICE OF FILING: | EXHIBIT IN SUPPORT OF NON PARTY MTN FOR PROTECT. ORDER |
| 06/15/2009 | | SUBPOENA RETURNED | |
| 06/11/2009 | | NOTICE: | OF CANCELLATION OF DEPO. |
| 06/11/2009 | | SUBPOENA RETURNED | |
| 06/10/2009 | | MOTION FOR PROTECTIVE ORDER | |
| 06/10/2009 | | OBJECTION: | TO SUBPOENA DUCES TECUM FOR DEPO & MTN TO QUASH OR,ETC. |
| 06/09/2009 | | NOTICE HEARING- | MOTIONS 06/18/2009 09:30 AM |
| 06/08/2009 | | SUBPOENA RETURNED | |
| 06/02/2009 | | NOTICE OF TAKING DEPOSITION | |
| 06/01/2009 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 05/11/2009 | | MOTION: | FOR PARTIAL SUMMARY JUDGMENT |
| 04/15/2009 | | REQUEST FOR PRODUCTION | |
| 04/15/2009 | | NOTICE OF INTERROGATORY | |
| 03/09/2009 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 03/03/2009 | | NOTICE OF CHANGE OF ADDRESS | |
| 02/26/2009 | | NOTICE OF ANSWER TO INTERROGATORIES | |
| 02/19/2009 | | RESPONSE TO REQUEST FOR ADMISSIONS | |
| 01/14/2009 | | ANSWER | ATTORNEY:00750018 DN01 DN02 TO PLTF 2ND AMENDED COMPL. |
| 12/26/2008 | | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 12/22/2008 | | ORDER: | ON MOTION TO DISMISS SECOND AMENDED COMPLAINT, ETC. |
| 10/10/2008 | | NOTICE OF HRG SPECIAL APPT | 12/18/2008 08:30 AM |
| 05/21/2008 | | REQUEST FOR PRODUCTION | |
| 05/21/2008 | | NOTICE OF INTERROGATORY | |
| 05/21/2008 | | REQUEST FOR ADMISSIONS | |
| 05/01/2008 | | ORDER: | AGREED ON DEFTS MTN TO ABATE |
| 04/21/2008 | | NOTICE HEARING- | MOTIONS 05/15/2008 09:30 AM |
| 04/14/2008 | | NOTICE HEARING- | MOTIONS 05/01/2008 09:30 AM |
| 04/07/2008 | | NOTICE OF HRG SPECIAL APPT | 05/01/2008 08:45 AM |
| 03/17/2008 | | MOTION TO DISMISS | PROVIDENT LIFE AND ACCIDENT INSURANCE CO. |

**Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information**    Page 3 of 3

| 03/04/2008 | NOTICE: | OF FILING 2ND AMENDED COMPLAINT |
| 03/04/2008 | TEXT | 2ND AMENDED COMPLAINT |
| 03/04/2008 | NOTICE HEARING- | MOTIONS 03/11/2008 09:30 AM |
| 03/04/2008 | NOTICE: | OF COMPLIANCE WITH COURT ORDER DATED 02/11/08 |
| 02/11/2008 | ORDER: | GRANTING MTN TO DISMISS AS TO COUNTS I,II, & IV,GRANT,ST |
| 01/22/2008 | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 01/14/2008 | NOTICE OF HRG SPECIAL APPT | 02/14/2008 01:30 PM |
| 12/26/2007 | NOTICE HEARING- | MOTIONS 01/15/2008 09:30 AM |
| 12/21/2007 | NOTICE OF HRG SPECIAL APPT | 02/17/2008 01:30 PM |
| 12/11/2007 | NOTICE HEARING- | MOTIONS 12/20/2007 09:30 AM |
| 11/27/2007 | MOTION TO STRIKE | CLAIM FOR FUTURE BENEFITS & MTN TO STRIKE CLAIM FOR,ETC |
| 11/27/2007 | MOTION TO DISMISS | AMENDED COMPLAINT |
| 11/19/2007 | MOTION TO DISMISS | COMPLAINT OR ALTERNATIVELY TO ABATE THE ACTION |
| 11/14/2007 | NOTICE: | OF COMPLAINT |
| 10/25/2007 | ORDER: | GRANTED MOTION TO DISMISS |
| 10/16/2007 | TEXT | AMENDED NOTICE OF UNAVAILABILITY |
| 10/16/2007 | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 09/25/2007 | NOTICE OF UNAVAILABILITY/ABSENCE | |
| 09/24/2007 | SERVICE RETURNED | BADGE # 74 P 09/15/2007 DN03 |
| 09/18/2007 | NOTICE OF HRG SPECIAL APPT | 10/25/2007 08:00 AM |
| 09/07/2007 | MOTION: | ATTYS FEES |
| 08/23/2007 | NOTICE OF HRG SPECIAL APPT | 10/25/2007 08:00 AM |
| 08/21/2007 | SERVICE RETURNED | BADGE # 74 P 07/23/2007 DN04 |
| 08/14/2007 | MOTION TO STRIKE | |
| 08/14/2007 | MOTION TO DISMISS | COMPLAINT |
| 08/10/2007 | MOTION TO DISMISS | COMPLAINT |
| 08/06/2007 | NOTICE OF APPEARANCE | ATTORNEY: 00283959 DN01 DN02 |
| 07/31/2007 | SERVICE RETURNED | BADGE # 5555 P 07/23/2007 DN02 |
| 07/31/2007 | NOTICE OF SERVICE OF PROCESS | UNUM LIFE INS CO OF AMERICA 7-23-07 |
| 07/31/2007 | SERVICE RETURNED | BADGE # 5555 P 07/23/2007 DN01 |
| 07/26/2007 | NOTICE OF SERVICE OF PROCESS | SERVED PROVIDENT LIFE 07/23/07 |
| 07/17/2007 | SUMMONS ISSUED | DN01 DN02 DN03 DN04 |
| 07/17/2007 | DEMAND FOR JURY TRIAL | |
| 07/17/2007 | CIVIL COVER | |
| 07/17/2007 | COMPLAINT | |

BACK TO SEARCH RESULTS          ALL PARTIES          START A NEW SEARCH

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  07-21828-CA-25

DONALD ALAN TOBKIN,
an individual,

       Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,
a foreign corporation;
UNUM LIFE INSURANCE
COMPANY OF AMERICA,
a foreign corporation;
STEVEN J. DELL, ESQ.; and
DELL & SCHAEFER, PA a/k/a
DELL & SCHAEFER REALTY, INC.

       Defendants.

_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**COMES NOW** the Plaintiff, DONALD TOBKIN, by and through his
undersigned attorney, and pursuant to Florida Rules of Civil Procedure 1.510, and file
this Motion for Partial Summary Judgment and as grounds therefore states:

    1.    This case arises out of defendants Provident and UNUM's failure to pay
office overhead benefits under the disability insurance policies between Dr. Gerald

Grau and the Defendants, which were assigned by the U.S. Bankruptcy Court to Donald

Tobkin, the plaintiff, in connection with Dr. Gerald Grau's bankruptcy.

2.    On April 22, 2003, pursuant to a bankruptcy court order dated February

14, 2003, Plaintiff was assigned Dr. Gerald Grau's Disability office expense policies by

the bankruptcy court. The assignment allows Plaintiff "the right to make claims against

either or both policies, settle claims against either or both policies, or commence legal

proceedings pursuant to either or both policies in their own names or in the name of

their designee." (See attached Exhibit A.)

3.    In May of 2003, Plaintiff filed a motion in the separate disability case

between Dr. Grau and Defendants, providing Defendants with notice of Plaintiff's

claim. (See attached Exhibit B.)

4.    Dr. Grau had sued the Defendants over their failure to pay on two

disability policies issued to him. That case went to verdict in March of 2009. According

to the attached Verdict Form, a jury found that Dr. Grau was totally disabled, as defined

by Defendant's policies and that Dr. Grau timely submitted notice of his claim under

Defendant's policies. (See attached Exhibit C.)

5.    In the case at hand, Defendant's response to Plaintiff's Second Amended

Complaint lists five (5) Affirmative Defenses, all arguing that Plaintiff failed to file

timely notice and proof of loss for his claim. However, timely notice of the claim of

disability was established by Dr. Gerald Grau in his suit against the Defendant.

8.    Further, Plaintiff is in privity with Dr. Grau, and thus fulfills the mutuality requirement of Collateral Estoppel.

9.    Florida courts have established that collateral estoppel may be asserted when an identical issue has been litigated between "the same parties or their privies." Stogniew v McQueen, 656 So. 2d 917 (Fla. 1995). Here, Plaintiff is in privity with Dr. Gerald Grau, as he is the bankruptcy assignee of Dr. Grau's Disability policy. Murlanda v Marrero, 162 B.R. 20 at 23 (S.D. Fla. 1992) (noting that the assignee of a party's rights and interests is considered to be "in privity" with that party, for purposes of determining the sufficiency of a collateral estoppel argument)

10.    In addition to the notice defense, Defendants' response to Plaintiff's Second Amended Complaint raises Affirmative Defenses regarding Plaintiff's alleged failure to submit proof of loss. However, it is well settled law that the denial of liability "at any time before the suit is time-barred waives the requirement of filing a proof of loss." See Balogh v. Jewelers Mut. Ins. Co., 167 F. Supp. 763 at 773 (D.C. Fla. 1958) (asserting that insurer's denial of liability suggests that the insurer has already made up its mind to refuse payment, thus rendering it pointless for the insured to file a proof of loss). Defendants denied liability in both their suits against Dr. Grau and against the Plaintiff.

11.    Further, Defendants have not been prejudiced by any delay in filing proof of loss. The Defendants have had an opportunity to investigate the insured and the facts of the disability claim at issue including full access to Dr. Grau's bankruptcy

records.   The only question yet to be determined is the amount to be paid to the Plaintiff under the already established insurance claims. Tiedtke v. Fidelity & Cas. Co. of New York, 222 So.2d 206 (Fla. 1969).  These expenses are set and the information is in the bankruptcy records.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter partial Summary Judgment on the issues of notice, disability and proof of loss, and grant Plaintiff such other relief as this Court deems just and appropriate under the circumstances including attorney fees and costs.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☑ First Class U.S. Mail, ☐ facsimile transmission, and/or ☐ hand-delivery, to all counsel on the attached service list this 5th day of May, 2009.

**JOHN B. OSTROW, P.A.**
Counsel for Plaintiff
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 358-1496
Facsimile·  (305) 371-7909

By:

JOHN B. OSTROW
Florida Bar Number: 124324
STEPHEN A. OSTROW
Florida Bar Number: 182338

## SERVICE LIST

*Attorneys for Defendants*
*Provident and Unum*
Mark D. Greenberg, Esq.
Leonor M. Lagomasino, Esq.
CARLTON FIELDS, PA
4000 International Place
100 Southeast Second Street
Miami, Florida 33134
              305-530-0050 – TEL
              305-530-0055 – FAX

*Attorneys for Defendants*
*Steven J. Dell, Esq. and Dell & Schaefer, PA*
Gregory L. Denes, Esq.
**GREGORY L. DENES, PA**
300 Mercury Road
Juno beach, Florida 33408
              561-694-9199 – TEL
              561-694-2993 – FAX

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          ) CASE NO. 98-20516-BKC-PGH
                                                Chapter 7
GERARD D. GRAU,                                 )

_____          )
        Debtor(s).

## ASSIGNMENT

I, KENNETH A. WELT, Trustee in Bankruptcy for GERARD D. GRAU, pursuant to

the Court's Order of February 14, 2003, a copy of which is attached to this Assignment as

Exhibit "A", do hereby assign, transfer, and set over unto DONALD A. TOBKIN, STAN

BRANHAM, JAMES WELLS AND BRENDA WELLS, or their designee, jointly and

severally, any and all interest that the bankruptcy estate of GERARD D. GRAU may have

in Provident Life and Accident Insurance Company Disability Policy #6-BOE-7456955 and

Unum Life Insurance Company of America Disability Policy #LAD122427 including, but not

limited to, the right to make claims against either or both policies, settle claims against

either or both policies, or commence legal proceedings pursuant to either or both policies

in their own names or in the name of their designee and they shall have all rights with

respect to such policies that I would have as Trustee of the bankruptcy estate of GERARD

D. GRAU. This Assignment is made without any representations or warranties and without

recourse pursuant to the Court Order attached hereto as Exhibit "A".

KENNETH A. WELT, as Trustee in
Bankruptcy in connection with the case
of GERARD D. GRAU, United States
Bankruptcy Court for the Southern
District of Florida, Case No. 98-20516-
BKC-PGH, and not individually

STATE OF FLORIDA     )

                                SS

COUNTY OF BROWARD   )

The foregoing instrument was acknowledged before me this _____ day of April, 2003, by KENNETH A. WELT, Trustee in Bankruptcy for Gerard D. Grau, and not individually, who is personally known to me.

_____
Notary Public

Annamaria Vittoria
My Commission CC836900
Expires July 1, 2003

My Commission Expires:

Print Name: _____

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DR. GERARD GRAU

    Plaintiff

vs.

UNUM LIFE INSURANCE
COMPANY OF AMERICA AND
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

    Defendants

CASE NO.: 03-1171 (07)
JUDGE: DAVID KRATHEN

_____/

## MOTION FOR ORDER REQUIRING THE PARTIES TO SERVE AND PROVIDE COPIES OF ALL PAPERS INCLUDING DISCOVERY TO PLAINTIFF'S MEDICAL MALPRACTICE VICTIMS' COUNSEL FROM THIS DISABILITY POLICY CONTESTED ACTION

The undersigned, who is a creditor of Plaintiff, Cosmetic Surgeon, Dr. Gerard D.

Grau and also represents Dr. Grau's medical malpractice victims in Broward County

State actions and co-creditors in Dr. Grau's ongoing Bankruptcy Case 98-20516 BKC-

PGH, U.S. Bkrct. Ct. S.D. Fla., moves this Honorable Court for an order requiring the

parties to this State Court action to serve all papers and correspondence in this State

Court action involving Plaintiff's disability policy contested action. See Grau v Branham

761 So 2d 375 (Fla. 4th DCA 2000) re v denied ___ 2d 355 (Fla. 2000) and Grau v

Wells 795 So 2d 988 (Fla. 4th DCA 2001) (Attached)

The undersigned, after a contested trial in the U.S. Bankruptcy Court, was

assigned UNUM and Provident policies as evidenced by attached copies of Bankruptcy

Court papers.

Wherefore, relief is prayed for consistent with this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was furnished via mail / fax / hand delivery this ___ day of May 2003 to: **LEONOR LAG — OMASINO, Esquire, for Defendants,** 777 Brickell Avenue, Suite 708, Miami, Florida 33131, **WILLIAM D. TUCKER, Esquire, for Plaintiff,** 735 N.E. 3rd Avenue, Fort Lauderdale, Florida 33304, and **LAWRENCE J. Mc GUINNESS, Esquire, for Plaintiff Grau,** 225 University Drive, Coral Springs, Florida 33134.

DONALD A. TOBKIN, M.D., Esq.
FBN 742953
P.O. Box 220990
Hollywood, Florida 33022
(954) 923-9555

EXHIBIT "C"

```
FAX(TX)                                                    MAR/31/2009 TUE 05:19 PM

  #  |  DATE  | START T. |    RECEIVER    |COM.TIME|PAGE|      TYPE/NOTE      | FILE
 001 |MAR/31  | 05:13PM  |13053717999---7722| 0:06:52| 56 |        OK      SG3| 1363
```

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

Case Number 03-01171 CACE 18
Judge Leroy Moe

GERARD GRAU, M.D.

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, and UNUM
LIFE INSURANCE COMPANY OF
AMERICA,

      Defendants
_____/

Filed in Open Court
Clerk of Courts
On: 3-18-09
By: _____

## VERDICT FORM

Please follow the **BOLDED INSTRUCTIONS** in answering the questions **IN THE
ORDER THEY ARE PRESENTED** on this Verdict Form. After the Verdict Form is
completed, the foreperson should sign and date the Verdict Form and return with it to the
courtroom.

    1.    Was Grau Totally Disabled, as defined by the Policies, from August 18, 2000,
through January 21, 2003?

        YES ✓           NO _____

**WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION 1, PROCEED TO
ANSWER QUESTION 2:**

    2.    Did Grau timely submit Notice of Claim under the Provident and Unum Policies?

        YES ✓           NO _____

01/13/09
VOL 3 #24

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 07-21828 CA 25

DONALD ALAN TOBKIN, an individual,

      Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a foreign
corporation; UNUM LIFE INSURANCE
COMPANY OF AMERICA, a foreign
corporation; STEVEN J. DELL, ESQ., and
DELL & SHAEFFER, P.A. a/k/a DELL
SCHAEFFER REALTY, INC.

      Defendants.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

      Defendants, Provident Life and Accident Insurance Company and Unum Life Insurance

Company of America (collectively "Insurers"), through their counsel, answers Plaintiff's Second

Amended Complaint as follows:

    1.     Defendants admit the allegations contained in Paragraph 1.

    2.     Defendants admit the allegations contained in Paragraph 2.

    3.     Defendants admit the allegations contained in Paragraph 3.

    4.     Defendants admit the allegations contained in Paragraph 4.

    5.     Defendants admit the allegations contained in Paragraph 5.

    6.     Defendants admit the allegations contained in Paragraph 6.

24.   Defendants are without knowledge as to the allegations contained in Paragraph 28 and demand strict proof thereof.

25.   Defendants are without knowledge as to the allegations contained in Paragraph 29 and demand strict proof thereof.

26.   Defendants are without knowledge as to the allegations contained in Paragraph 30 and demand strict proof thereof.

27.   Defendants are without knowledge as to the allegations contained in Paragraph 31 and demand strict proof thereof.

28.   Defendants are without knowledge as to the allegations contained in Paragraph 32 and demand strict proof thereof.

29.   Defendants are without knowledge as to the allegations contained in Paragraph 33 and demand strict proof thereof.

30.   Defendants are without knowledge as to the allegations contained in Paragraph 34 and demand strict proof thereof.

31.   Defendants are without knowledge as to the allegations contained in Paragraph 35 and demand strict proof thereof.

32.   Defendants are without knowledge as to the allegations contained in Paragraph 36 and demand strict proof thereof.

33.   Provident incorporates Paragraphs 1 through 32, above, in response to Paragraph 37.

34.   Provident denies the allegations contained in Paragraph 38.

35.   Provident denies the allegations contained in Paragraph 40.

36.   Unum incorporates Paragraphs 1 through 32, above, in response to Paragraph 41.

CARLTON FIELDS, P. A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050
14434081.1

37.     Unum denies the allegations contained in Paragraph 42.

38.     Unum denies the allegations contained in Paragraph 44.

39.     Defendants neither admit nor deny the allegations contained in Paragraphs 45 through 65 which are abated.

40.     Defendants incorporate Paragraphs 1 through 32, above, in response to Paragraph 66.

41.     Defendants deny the allegations contained in Paragraph 67.

42.     Defendants deny the allegations contained in Paragraph 68.

43.     Defendants deny the allegations contained in Paragraph 69.

44.     Defendants deny the allegations contained in Paragraph 70.

45.     Defendants deny the allegations contained in Paragraph 71 in that there are multiple reasons as to why Plaintiff's purported claim is not payable.

46.     Defendants deny the allegations contained in Paragraph 72.

47.     Defendants deny all allegations not specifically admitted herein.

48.     As their First Affirmative Defense, Defendants state Plaintiff's claim is barred in that notice of claim has never been made under either Policy.

49.     As their Second Affirmative Defense, Defendants state Plaintiff's claim is barred in that proof of loss has never been submitted under either Policy.

50.     As their Third Affirmative Defense, Defendants state Plaintiff's claim is barred in that notice of claim, to the extent one may be deemed to have been made, was late.

CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050
14434081.1

51. As their Fourth Affirmative Defense, Defendants state Plaintiff's claim is barred in that proof of loss, to the extent it may be deemed to have been submitted, was late.

52. As their Fifth Affirmative Defense, Defendants state that any expenses which were incurred after Dr. Grau's alleged date of disability were not incurred in the usual and customary operation of Dr. Grau's practice.

Wherefore, Defendants respectfully demand judgment in their favor, including an award of costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on this **13th** day of January, 2009 to: **John B. Ostrow, Esq.**, *Attorneys for Plaintiff*, John B. Ostrow, P.A., Courthouse Tower, 44 West Flagler Street, Suite 1250, Miami, Florida 33130; and **Gregory L. Denes**, *Attorneys for Defendants Steven Dell, Esq. and Dell & Schaeffer, P.A.*, Gregory L. Denes, P.A., 14255 US Highway One, Suite 243, Juno Beach, FL 33408.

LEONOR M. LAGOMASINO, ESQ.
Florida Bar No. 750018
CARLTON FIELDS, P.A.
Attorneys for Defendants
4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114
Tel.: (305) 530.0050
Fax: (305) 530.0055

5

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DONALD ALAN TOBKIN,
an individual,

GENERAL JURISDICTION DIVISION

CASE NO.  07-21828 CA 25

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a foreign
corporation; et al.,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS
## SECOND AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE having come on to be heard on December 18, 2008, upon the Defendants,

Provident Life and Accident Insurance Company and Unum Life Insurance Company of

America's, Motion to Dismiss Second Amended Complaint with Prejudice, and the court having

been advised in the premises, it is hereupon

ORDERED and ADJUDGED as follows:

1.    Paragraphs 20, 21, 22, 23, 39 and its subparts, and 43 and its subparts are stricken.

2.    No further amendments to the Second Amended Complaint will be permitted.

3.    Defendants shall have 25 days from the date of this Order to answer the Second

Amended Complaint.



4.    Should Plaintiff move for re-hearing, Plaintiff is required to order the record of

this proceeding which reflects that the Court entered this Order without argument from

Defendant's' counsel and after the Court waited over one hour for Plaintiff's counsel who never

appeared at the hearing, *after the Court called the office of D. PO*

DONE and ORDERED in Chambers at Miami-Dade County, Florida, this *19* day of

December, 2008.

*Jennifer D Bailey*

CIRCUIT COURT JUDGE

Copies Furnished to:
Leonor M. Lagomasino, Esq.
John Ostrow, Esq.
Gregory Denes, Esq.

CONFORMED COPY

DEC 19 2008

JENNIFER D. BAILEY
Circuit Court Judge

14321271.1